## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| JUAN HUMBERTO CASTILLO-ALVAREZ, | Civil No.  14-542 (JRT/JSM) |
| Petitioner, | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| v. | |
| MICHELLE SMITH, | |
| Respondent. | |

Juan Humberto Castillo-Alvarez, No. 235036, Minnesota Correctional Facility Stillwater, 970 Pickett Street, Bayport, MN  55003, *pro se*.

Matthew Frank and James B. Early, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN  55101, for respondent.

Petitioner Juan Humberto Castillo-Alvarez ("Castillo-Alvarez") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on February 27, 2014.  On November 19, 2014, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R"), recommending that the Court deny Castillo-Alvarez's habeas petition and dismiss his case with prejudice.  Castillo-Alvarez filed objections to the R&R on December 5, 2014.  Because Castillo-Alvarez's state law claims are not properly before this Court in a federal habeas proceeding, and because his federal law claims are either procedurally defaulted or demonstrate neither that the relevant state court decision was contrary to established United States Supreme Court federal law, nor contained an

unreasonable determination of the facts, the Court will adopt the R&R, deny Castillo-Alvarez's habeas petition, and dismiss this case with prejudice.

## BACKGROUND

In 1997, Castillo-Alvarez lived in Estherville, Iowa, where he was the owner of a Mexican restaurant and also a drug dealer who fronted drugs (i.e., provided drugs to a dealer with payment due once the drugs were sold) to street-level dealers. *State v. Castillo-Alvarez*, 836 N.W.2d 527, 530 (Minn. 2013) (*Castillo-Alvarez*). In June of that year, Castillo-Alvarez ordered another drug dealer named Luis Lua, who owed Castillo-Alvarez money at the time, to kill a 15-year-old boy named Gregory Sky Erickson and leave his body in Minnesota. *Id.* at 531. Castillo-Alvarez apparently ordered the murder because of Erickson's outstanding debts to both Lua and another drug dealer in the area, and because Erickson had been arrested after being fronted drugs by Lua; Castillo-Alvarez was concerned Erickson would inform the police regarding his drug business. *Id.*

On June 6, 1997, Lua, along with other accomplices, proceeded to assault and kidnap Erickson from an apartment in Estherville, eventually bringing him to a farmhouse in Jackson, Minnesota. *Id.* There, Erickson was shot and killed by Lua and one other man. *Id.* When police discovered Erickson's body one week later, they executed a search warrant on Castillo-Alvarez's restaurant, where they discovered the gun that Lua had used to kill Erickson. *Id.* However, Castillo-Alvarez had fled to Mexico before police had the opportunity to arrest him. *Id.* at 532.

In 2004, Castillo-Alvarez's whereabouts in Mexico were discovered, and the State of Iowa charged him with second-degree murder, kidnapping, and conspiracy. *Id.* Castillo-Alvarez was extradited to the United States in October 2006. *Id.* While being transported to Iowa, Castillo-Alvarez read and waived his *Miranda* rights and was interrogated about the charges at an FBI office in an airport in Houston, Texas. *Id.* Castillo-Alvarez was convicted on all counts after a jury trial in Iowa, but this conviction was overturned by the Iowa Court of Appeals on speedy trial grounds. *State v. Castillo-Alvarez*, No. 08-0868, 776 N.W.2d 111, 2009 WL 2960419, at \*5-\*6 (Iowa Ct. App. Sept. 2, 2009).

Soon after the reversal of his conviction in Iowa, in February 2010, Castillo-Alvarez was charged in Jackson County, Minnesota with two counts of aiding and abetting second-degree murder and one count of aiding and abetting kidnapping. *Castillo-Alvarez*, 836 N.W.2d at 532.   The State of Minnesota initiated extradition proceedings and, while Castillo-Alvarez was in an Iowa prison on an unrelated charge, he filed a habeas petition in Iowa, contending that Minnesota's attempts to extradite him violated Article 17 of the Extradition Treaty between the United States and Mexico ("Extradition Treaty").   (Second Letter to Magistrate Judge ("Second Letter") at 4-18 (*Castillo-Alvarez v. Krukow*, No. FECR014816 (Iowa Trial Ct. May 13, 2010)), Nov. 10, 2014, Docket No. 17.)  The petition was denied, and the Iowa trial court found Castillo-Alvarez's extradition from Iowa to Minnesota valid under the treaty because the extradition was based on the same set of facts that allowed Castillo-Alvarez's extradition from Mexico.  (*Id.* at 12-15.)

Upon his extradition, Castillo-Alvarez filed several motions, and a pretrial state habeas motion, again challenging his extradition to Minnesota. *See Castillo-Alvarez v. Hawkinson*, No. 10-4187, 2011 WL 3759828, at *1-*2 (D. Minn. Aug. 4, 2011). The Minnesota trial court rejected these motions, concluding that the doctrine of collateral estoppel barred Castillo-Alvarez from raising the extradition issue again, because he had already raised it before the trial court in Iowa. (First Letter to Magistrate Judge ("First Letter") at 11-14 (*State v. Castillo-Alvarez*, No. 32-10-31 (Minn. Trial Ct. Sept. 13, 2010)), Nov. 7, 2014, Docket No. 15.) The court also rejected the extradition argument on the merits, concluding that the rule of specialty did not bar prosecution in Minnesota, "because Minnesota's Complaint is based on the same facts and circumstances presented to Mexico for extradition, and carries a lesser maximum sentence than the Iowa crimes presented to Mexico for extradition." (*Id.*) Castillo-Alvarez then filed a habeas petition in federal court in this district – again prior to any trial in Minnesota – but that petition was rejected because Castillo-Alvarez had not exhausted his state-court remedies. *Hawkinson*, 2011 WL 3759828, at *4, *adopted by* 2011 WL 3798585, at *2-*3.

Castillo-Alvarez was convicted in Minnesota in January 2011, and appealed his conviction to the Minnesota Court of Appeals. *State v. Alvarez*, 820 N.W.2d 601, 612 (Minn. Ct. App. 2012) (*Alvarez*). In his appeal, he argued that (1) after his Iowa conviction was reversed, his prosecution in Minnesota violated his double jeopardy rights

under Minnesota Statute § 609.045 and the Minnesota Constitution;[1] (2) the district court erred in admitting his unrecorded statements to the FBI agent and an Iowa law enforcement officer in violation of *State v. Scales*, 518 N.W.2d 587 (Minn. 1994); (3) the district court erred under state law in imposing consecutive sentences and an upward departure without finding aggravating factors; (4) his prosecution in Minnesota violated the Extradition Treaty; (5) his prosecution in Minnesota violated his constitutional right to equal protection because none of the others involved in Erickson's death were prosecuted in Minnesota; and (6) his counsel's failure to call two witnesses and to advise him not to testify amounted to ineffective assistance of counsel. *Alvarez*, 820 N.W.2d at 612, 625-27 (Minn. Ct. App. 2012); (State Materials (Appellant's Br. to Minnesota Ct. of Appeals ("Appellant's Ct. of Appeals Br.")) at Habeas 1-Habeas 56[2], Mar. 31, 2014, Docket No. 7; *id.* (Appellant's Pro Se Supplemental Br. ("Appellant's Pro Se Ct. of Appeals Br. I")) at Habeas 96-Habeas 131; *id.* (Appellant's Second Pro Se Supplemental Br. ("Appellant's Pro Se Ct. of Appeals Br. II") at Habeas 133-Habeas 142; *id.* (Appellant's Reply Br. to Minnesota Ct. of Appeals ("Appellant's Ct. of Appeals Reply Br.")) at Habeas 286-Habeas 306.)

---

[1] Castillo-Alvarez did not raise any arguments on direct appeal regarding double jeopardy rights under federal law or the United States Constitution. In fact, he conceded that there was no violation of his federal double jeopardy rights. (State Materials (Appellant's Br. to Minnesota Ct. of Appeals) at Habeas 28, Mar. 31, 2014, Docket No. 7); s*ee also Heath v. Alabama*, 474 U.S. 82, 88 (1985) ("[S]uccessive prosecutions by two states for the same conduct are not barred by the [Constitution's] Double Jeopardy Clause.")).

[2] For the state materials contained at Docket No. 7 in this case's docket, the Court will use the "Habeas [number]" pagination found in the bottom right-hand corner of the pages.

The Minnesota Court of Appeals rejected these arguments and affirmed Castillo-Alvarez's conviction. *Alvarez*, 820 N.W.2d at 627. On October 20, 2012, Castillo-Alvarez filed a petition for review in the Minnesota Supreme Court. In this petition he raised the arguments that: (1) his prosecution in Minnesota violated Minnesota Statute § 609.045 and the Double Jeopardy Clause of the Minnesota Constitution; (2) the district court violated *Scales* by admitting evidence of an unrecorded police interrogation; (3) the district court erred by imposing consecutive sentences and a durational departure without explanation and without a finding of aggravating factors; and (4) Minnesota's prosecution violated the Extradition Treaty, pursuant to the doctrine of specialty. (State Materials (Pet. for Review of Decision of Ct. of Appeals ("Supreme Ct. Pet.")) at Habeas 330-Habeas 340.) The Minnesota Supreme Court granted review only on the issues of double jeopardy and the alleged *Scales* violation. (*Id.* (Order Granting Review in Minnesota Supreme Ct.) at Habeas 441.)

On September 11, 2013, the Minnesota Supreme Court upheld Castillo-Alvarez's conviction. *Castillo-Alvarez*, 836 N.W.2d at 533. The court held that the Double Jeopardy Clause in the Minnesota Constitution did not afford Castillo-Alvarez greater protection than that of the U.S. Constitution, *see Heath v. Alabama*, 474 U.S. 82, 88 (1985), and Castillo-Alvarez's state constitutional double jeopardy rights were therefore not violated by his prosecution in Minnesota, *Castillo-Alvarez*, 836 N.W.2d at 534-36. The court also concluded that Minnesota Statute § 609.045 did not bar prosecution in Minnesota. *Id.* at 533-34. Finally, the court rejected his *Scales* challenge on state-law grounds. *Id.* at 536-40.

Castillo-Alvarez filed this habeas petition under 28 U.S.C. § 2254 on February 27, 2014.  (Pet. for Writ of Habeas Corpus ("Habeas Pet."), Feb. 27, 2014, Docket No. 1.)  In it, he asserts four grounds for relief: (Ground One) his trial and conviction in Minnesota violated the Double Jeopardy Clause of both the Minnesota and U.S. Constitutions; (Ground Two) the admission of his unrecorded statement violated *Scales* and his Minnesota and U.S. constitutional rights against self-incrimination; (Ground Three) the state trial court erred by imposing a consecutive sentence with a durational departure without finding aggravating factors; and (Ground Four) Castillo-Alvarez's extradition to Minnesota violated the U.S. Constitution's provisions regarding interstate extradition and the Extradition Treaty.   (Habeas Pet. at 5-10.)   In his reply brief, Castillo-Alvarez asserted two additional grounds: (1) that his federal equal protection and due process rights were violated by the respondent; and (2) that he received ineffective assistance of counsel because his attorney failed to conduct reasonable investigations and make reasonable decisions.  (Pet'r's Reply at 1, Apr. 17, 2014, Docket No. 9.)

On November 19, 2014, the Magistrate Judge issued an R&R recommending that the petition be denied and Castillo-Alvarez's case be dismissed with prejudice.  (Report and Recommendation ("R&R"), Nov. 19, 2014, Docket No. 18).  Castillo-Alvarez filed objections to the R&R on December 5, 2014.  (Objections, Dec. 5, 2014, Docket No. 19.) Specifically, he objects to several components of the R&R: (1) the determination that he has never asserted – even in his habeas petition – a federal claim as to Ground Three; (2) the R&R's conclusion that he failed to raise federal claims in state court as to the first two grounds asserted in his habeas petition, and the related recommendation that he

cannot raise federal claims as to these grounds now because he failed to exhaust available state court remedies; (3) relatedly, the determination that Grounds One and Two in his habeas petition are procedurally defaulted; and (4) the R&R's determination that the doctrine of specialty and the Extradition Treaty did not bar his extradition to Minnesota. (Objections at 1-11.)

## DISCUSSION

## I.     STANDARD OF REVIEW AND APPLICABLE HABEAS LAW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."   Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).   "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of Castillo-Alvarez's habeas petition.  Habeas review is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  On habeas review, a federal court should not "reexamine state-court determinations on state-law questions."  *Estelle*, 502 U.S. at 68.

In particular, as the R&R notes, Castillo-Alvarez appears to bring his petition under both sub-provisions of 28 U.S.C. § 2254(d).  That provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012).  A state court decision may involve an "unreasonable application" when it "identifies the correct legal rule, but unreasonably applies it to the facts." *Id.*  The state court's application of clearly established federal law must be "objectively **unreasonable**, not merely incorrect, to warrant the granting" of a habeas petition.  *Id.* (internal quotation marks omitted).

Before seeking federal relief under Section 2254, however, a petitioner "ordinarily must fairly present the federal claim to the state courts." *Murphy v. King*, 652 F.3d 845, 848 (8th Cir. 2011) (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that

. . . the applicant has exhausted the remedies available in the courts of the State"). A claim is unexhausted if it has not been fairly presented in one complete round of a state's appellate review process. *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) ("[T]he Supreme Court has held that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). A petitioner fairly presents his federal habeas claims to a state court by referring "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (internal quotation marks omitted). The claim will generally be defaulted, however, if a petitioner does not present it in state court. *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999).

A petitioner procedurally defaults on his habeas claims by "violating a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court." *Murphy*, 652 F.3d at 849. Once defaulted, federal habeas review "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* (internal quotation marks omitted). The relevant procedural rule in Minnesota, the so-called *Knaffla* rule of *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), states that "where a defendant took a direct appeal, 'all claims raised in the direct appeal as well as all claims known but not raised at the time of the direct appeal are barred from consideration in any

subsequent petitions for post-conviction relief.'" *Murphy*, 652 F.3d at 849 (quoting *Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008)). Minnesota law also states that "[a] petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1.

## II.      OBJECTIONS TO THE R&R

### A.      Federal Claim in Ground Three

Castillo-Alvarez objects to the R&R's conclusion that Ground Three listed in his habeas petition does not state a federal claim that can be reviewed by a federal court. (Objections at 1-3.) Ground Three alleges that the state trial court erred by sentencing Castillo-Alvarez to consecutive sentences and a durational departure without finding severe aggravating circumstances. (Habeas Pet. at 8.) Castillo-Alvarez's habeas petition unquestionably does not contain any citation to federal law. In his objection, Castillo-Alvarez now cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), claiming that the state trial court unreasonably applied the federal law enunciated in those cases. But Castillo-Alvarez cannot save this ground for habeas relief by trying to assert federal claims now; his petition and accompanying memorandum should have stated **federal** claims. 28 U.S.C. § 2254(a).

More importantly, even if the habeas petition did state a federal claim, Castillo-Alvarez does not dispute that he did not raise federal claims – as opposed to similar claims arising under state law – as to this issue in state court. (*See* Appellant's Ct. of

Appeals Br. at Habeas 47-Habeas 51 (arguing this issue under state law only); Appellant's Pro Se Ct. of Appeals Br. I at Habeas 96-Habeas 131; Appellant's Pro Se Ct. of Appeals Br. II at Habeas 133-Habeas 42; Supreme Ct. Pet. at Habeas 332-Habeas 333, Habeas 338-Habeas 339.)  Instead, he argues that he told his appellate counsel to include a federal claim as to this issue, but that his counsel did not and Castillo-Alvarez did not have time to file a supplemental brief.  Given that Castillo-Alvarez and his attorney filed three briefs before the Minnesota Court of Appeals – including **two** supplemental pro se briefs by Castillo-Alvarez, along with a reply brief, and then filed a petition with the Minnesota Supreme Court, the record does not support Castillo-Alvarez's contention that there was no opportunity for him to raise a federal claim in state court.  The law required Castillo-Alvarez to argue the federal law claim underlying Ground Three before the state courts first.  28 U.S.C. § 2254(b)(1).  He did not and, as a result, is barred from raising a federal claim as to Ground Three for the first time in this proceeding.  The Court will overrule his first objection and adopt the R&R's recommendation to dismiss this ground.

### B.    Federal Law Underlying Grounds One and Two, Exhaustion, and Procedural Default

The R&R found that Castillo-Alvarez failed to fairly present in state court the federal claims underlying Grounds One and Two of his federal habeas petition, because he failed to raise them on direct appeal before the Minnesota Court of Appeals and the Minnesota Supreme Court.  The R&R recommended concluding that both grounds are procedurally defaulted.

Castillo-Alvarez makes several objections to that conclusion.   First, though, it is necessary to note that a federal court, reviewing a federal habeas petition, cannot rule on state law claims.   *Estelle*, 502 U.S. at 68.   As the R&R correctly found, the law bars this Court from considering Castillo-Alvarez's claims that the state trial court violated his double jeopardy rights under the Minnesota Constitution, or violated his rights under the *Scales* case.   28 U.S.C. § 2254(a).

Castillo-Alvarez first objects to the R&R's conclusion, as to Grounds One and Two, that he failed to present his federal claims in state court.   He argues that he did include federal claims in his state court briefing, both for Grounds One and Two. (Objections at 4-7.)   However, as to Ground One – his double jeopardy claim – Castillo-Alvarez does not cite to any portion of his state court briefs that assert a claim under the Fifth Amendment's Double Jeopardy Clause.   Indeed, as the R&R correctly noted, his state court briefing conceded that he had no federal double jeopardy claim.   (*See, e.g.*, Appellant's Ct. of Appeals Br. at Habeas 28); *see also Heath*, 474 U.S. at 88.   Moreover, even in his objections Castillo-Alvarez focuses almost entirely on a state statute, Minnesota Statute § 609.045, which is not at issue in this federal habeas proceeding. (Objections at 4-7.)

As to Ground Two, the *Scales* claim, Castillo-Alvarez argues that he did cite a federal case, *Dickerson v. United States*, 530 U.S. 428, 438-44 (2000), in his brief to the Minnesota Supreme Court.   (Objections at 6-7; State Materials (Appellant's Br. to Minnesota Supreme Ct.) at Habeas 466.)   But, as the R&R correctly found, this citation is only a passing reference, helping to bolster the point that the *Scales* rule has a

constitutional element. (*Id.*) Castillo-Alvarez provides no support in his objection for the contention that he did more than include a brief citation to a federal case; he has not shown that he "present[ed] to the state courts both the operative facts and the federal legal theories that animate [his alleged federal] claim." *Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014) (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *see also McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("'If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.'" (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66)). It is telling in this case that neither the Minnesota Court of Appeals nor the Minnesota Supreme Court made any federal law ruling as to this issue. *See Castillo-Alvarez*, 836 N.W.2d at 536-40; *Alvarez*, 820 N.W.2d at 617-18. Because the record clearly shows that Castillo-Alvarez did not raise a federal law claim, similar to *Scales*, before the state courts, the Court will overrule his third objection.

In the alternative, Castillo-Alvarez implicitly concedes that he did not raise federal claims under Grounds One and Two in his state court briefings. Instead, he contends that his attorney on direct appeal failed to raise these arguments. (Objections at 3-4.) Similarly, he objects to the R&R's finding that Grounds One and Two are procedurally defaulted, claiming that he received ineffective assistance of counsel that excuses his default. (Objections at 7-9.) Castillo-Alvarez cites *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011), but that case does not state any legal propositions that are contrary to reasoning in the R&R or in this Order. Castillo-Alvarez also cites the Supreme Court's

decision in *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012), which held that a petitioner's procedural default may be excused and a federal habeas court may hear a claim of ineffective assistance of trial counsel, if the petitioner's counsel was ineffective in the state's initial post-conviction relief proceeding. *See also Trevino v. Thaler*, 133 S. Ct. 1911, 1914 (2013).

*Martinez* and *Trevino* are of limited relevance here, since the rule in those cases is limited to instances when a state's procedures bar review of a claim of ineffective assistance of counsel at trial (either explicitly, or by making it "virtually impossible" to raise one) on direct review and requires it to be raised for the first time in a collateral review proceeding. *Id.* at 1914-15. Here, while Minnesota courts do prefer that an ineffective assistance of counsel claim is raised in a collateral proceeding, the Minnesota Court of Appeals explicitly considered and rejected Castillo-Alvarez's claim. *Alvarez*, 820 N.W.2d at 626-27.

> It is true that
>
> an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims.

*Martinez*, 132 S. Ct. at 1317. Here, however, Castillo-Alvarez has not met the considerable burden of showing that his state appellate counsel was ineffective. As a result, the Court will overrule his second and fourth objections and adopt the R&R's recommendation to dismiss Grounds One and Two.

C.      **Ground Four: Application of the Extradition Treaty between the United States and Mexico**

Finally, Castillo-Alvarez objects to the R&R's finding that his extradition from Iowa to Minnesota did not violate the Extradition Treaty between the United States and Mexico or the Doctrine of Specialty.  (Objections at 9-11); *see* U.S.-Mexico Extradition Treaty, U.S.-Mex., art. 17, May 4, 1978, 31 U.S.T. 5059.  Article 17 of the U.S.-Mexico Extradition Treaty provides that:

**Rule of Speciality**

1. – A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless:

> a) He has left the territory of the requesting Party after his extradition and has voluntarily returned to it;

> b) He has not left the territory of the requesting Party within 60 days after being free to do so; or

> c) The requested Party has given its consent to his detention, trial, punishment or extradition to a third State for an offense other than that for which the extradition was granted.

These stipulations shall not apply to offenses committed after the extradition.

2. – If, in the course of the procedure, the classification of the offense is changed for which the person requested was extradited, he shall be tried and sentenced on the condition that the offense, in its new legal form:

> a) Is based on the same group of facts established in the request for extradition and in the documents presented in its support; and

> b) Is punishable with the same maximum sentence as the crime for which he was extradited or with a lesser sentence.

U.S.-Mexico Extradition Treaty, U.S.-Mex., art. 17, May 4, 1978, 31 U.S.T. 5059.

The longstanding doctrine underlying this portion of the treaty, the Doctrine of Specialty, states that "a defendant may be tried only for the offense for which he was delivered up by the asylum country." *See United States v. Thirion*, 813 F.2d 146, 151 (8th Cir. 1987). The doctrine is based on principles of "international comity." *Id.*

The R&R rejected the respondent's argument that Castillo-Alvarez is barred from raising this issue because of the Minnesota Court of Appeals' decision that Castillo-Alvarez was estopped from litigating it. *See Alvarez*, 820 N.W.2d at 626. Instead, the R&R – citing the Jackson County, Minnesota state trial court's decision on this issue – found that because Castillo-Alvarez's extradition from Iowa to Minnesota was for charges that were based on the same set of facts that allowed for his extradition from Mexico to Iowa, as well as the fact that Castillo-Alvarez was not subject to a longer maximum sentence in Minnesota than in Iowa, the extradition was valid under the treaty and the Doctrine of Specialty.

Castillo-Alvarez objects to this finding. (Objections at 9-11.) He argues, first, that the plain language of Subdivision 1 of Article 17 of the Extradition Treaty precludes extradition to a third state (in this case Minnesota) under any circumstances. This argument ignores, however, the provisions of Subdivision 2 of Article 17, and the legal doctrine underlying Article 17, which allow for a prosecuting entity to bring new charges so long as they are based on the same set of facts as those that supported the extradition. U.S.-Mexico Extradition Treaty, U.S.-Mex., art. 17, May 4, 1978, 31 U.S.T. 5059; *Thirion*, 813 F.2d at 151. At a minimum, as the R&R correctly found, Castillo-Alvarez has not shown any unreasonable application of clearly established federal law, or

- 17 -

decision based on an unreasonable determination of the facts, on the part of the state trial court.  28 U.S.C. § 2254(d).

Castillo-Alvarez then argues that because Minnesota did not exercise due diligence in pursuing extradition proceedings upon learning of his whereabouts in Mexico, Minnesota "surrendered" jurisdiction to Iowa and cannot retain it after his conviction there was overturned.  Castillo-Alvarez cites *State v. Dolack*, a Kansas case in which a defendant's conviction on kidnapping charges was overturned at the federal level but was subsequently prosecuted on the state level.  *State v. Dolack*, 533 P.2d 1282, 1291 (Kan. 1975) ("[B]y whatever jurisdiction, it is likewise fair to the state that the errors of another sovereignty should not deprive Kansas of its right to try one alleged to have violated its criminal laws.")).  Castillo-Alvarez appears to be arguing that because Minnesota knew of his whereabouts and failed to extradite him sooner, it not only gave up jurisdiction to Iowa, but also committed the same error as Iowa: a violation of his speedy trial rights.  As a result, his case is distinguishable from *Dolack* and his extradition should have been barred.

The Court will reject this argument.  *Dolack*, a state case that has only persuasive power here, supports the decision reached in this case, not the opposite.  *Id.*  And Castillo-Alvarez offers no support for the proposition that Minnesota somehow gave up jurisdiction, or that its jurisdiction is barred by an Iowa court's determination regarding Castillo-Alvarez's speedy trial rights.  Where several courts have jurisdiction over the same offense, the court that first acquires jurisdiction retains it to the exclusion of others until its duty is performed or its law is satisfied.  *Morse v. United States*, 267 U.S. 80

(1925). However, this does not prevent a subsequent prosecution by a second court after the first has exhausted its jurisdiction, even for the same offense. *United States v. Lanza*, 260 U.S. 377, 383-84 (1922). Here again, Castillo-Alvarez has not met his burden under 28 U.S.C. § 2254(d). The Court will overrule his fifth and final objection.

### D.    Certificate of Appealability

The Court may grant a Certificate of Appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Castillo-Alvarez has not shown that reasonable jurists would find the issues raised in his habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Castillo-Alvarez's objections to the Report and Recommendation [Docket No. 19], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated November 19, 2014 [Docket No. 18]. **IT IS HEREBY ORDERED** that:

1.    Castillo-Alvarez's petition for a writ of habeas corpus [Docket No. 1] is **DENIED**.

2.      This action is **DISMISSED with prejudice**.

3.      For the purposes of appeal, the Court does **NOT** grant a Certificate of

Appealability under 22 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   October 23, 2015                          s/ John R. Tunheim
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                Chief Judge
                                          United States District Court